IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TIMOTHY W. ALMARODE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:16CV637–HEH |
| ) | |
| JEFFERY L. NEWTON, Superintendent, ) | |
| MAJOR DOUGLAS UPSHAW, and ) | |
| MAJOR DAWN FLIPPIN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION
(Granting Defendants' Motion to Dismiss)

This is a civil rights action under 42 U.S.C. § 1983 alleging an array of purported constitutional violations arising from what Plaintiff perceives to be his unlawful detention by officials at the Riverside Regional Jail in Prince George, Virginia. His wide swath of claims include violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments. The circumstances underlying Plaintiff's claims are difficult to discern solely from the face of his inartful Complaint. It appears, however, that the crux of his grievance is his contention that personnel at the Riverside Regional Jail held him in custody beyond his court ordered release date. In support, he states that "the judge made clear my time was done." (Compl. ¶ 12, ECF No. 1.) Plaintiff, who is *pro se*, seeks $1,000,000 in damages.

This case is presently before the Court on the Defendants' collective Motion to Dismiss, accompanied by a memorandum supporting their position, and an appropriate notice articulating the admonitions required under *Roseboro v. Garrison*, 528 F.2d 309

(4th Cir. 1975) (ECF Nos. 4, 5, 6, respectively). Plaintiff has filed no response to the Defendants' Motion to Dismiss. This Court, nevertheless, is obligated to ensure that dismissal is proper even when a motion to dismiss is unopposed. *See Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n.3 (4th Cir. 2014).

In addition to challenging the sufficiency of Plaintiff's claim under the traditional Rule 12(b)(6) standard, the Defendants also contend that this Court lacks subject matter jurisdiction or, alternatively, that the Defendants are entitled to qualified immunity. Because Plaintiff's claims are grounded in constitutional violations, the Complaint facially satisfies the federal question requirement for subject matter jurisdiction. This Court need not reach the issue of whether the Defendants are entitled to qualified immunity since Plaintiff's claims founder at the starting gate. Plaintiff's claims are predicated on his misunderstanding of both the underlying facts and applicable law.

Because of the stream of conscious nature of Plaintiff's marginally decipherable Complaint, this Court is constrained to reconstruct the relevant events by referring to the certified public records appended to the Defendants' Motion to Dismiss. "Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, on a motion to dismiss." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013) (citing *Braun v. Maynard*, 652 F.3d 557, 559 n.1 (4th Cir. 2011)). However, the court may consider documents attached or incorporated into the complaint, "as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Central to Plaintiff's claims is his contention that the Riverside Regional Jail misconstrued orders of the Chesterfield County General District Court in requiring him to remain confined beyond his release date. Furthermore, these documents are certified as accurate by the clerk of that court. Because these documents are integral to his claim and have not been objected to by the Plaintiff, they will be considered by the Court in evaluating the plausibility of his constitutional claims.

According to the Complaint, Plaintiff was arrested on February 3, 2014 for driving while intoxicated, assault on a police officer, and operating a motor vehicle with an open container of alcohol. (Compl. ¶ 4; Defs.' Mem. Supp. Mot. Dismiss, Exs. 1, 2, 8, ECF Nos. 5-1, 5-2, 5-8.) He was released on bond on February 5, 2014. On April 11, 2014, the Chesterfield County General District Court issued a capias (attachment of the body) requiring the Plaintiff to be taken into custody for failing to obey the conditions of pretrial release. (Compl. ¶ 4; Defs.' Mem. Supp. Mot. Dismiss, Ex. 5.) Following his arrest on May 3, 2014, on that capias, he appeared again in the Chesterfield County General District Court. At that time, he was ordered held without bond. (Defs.' Mem. Supp. Mot. Dismiss, Ex. 6.) On May 7, 2014, he was transferred from the Chesterfield County Jail to Riverside Regional Jail. (Compl. ¶ 4.)

On July 31, 2014, the Plaintiff appeared again before the Chesterfield County General District Court. The Plaintiff pled guilty to operating a motor vehicle under the influence of alcohol and was sentenced to twelve months in jail, all of which was suspended for three years, and fined $1,000 with payment of $750 suspended. (Defs.' Mem. Supp. Mot. Dismiss, Ex. 2.) That same day, the charge of assaulting a law

3

enforcement officer was amended to simple assault, to which Plaintiff pled guilty. He was immediately sentenced to twelve months of confinement with the execution of six months suspended for a period of three years on that charge. (*Id.* at Ex. 1.)

With respect to the capias, on which Plaintiff was then being held in custody, the court on July 31, 2014 ordered the underlying charge dismissed. (*Id.* at Ex. 5.) This discharged Plaintiff from any further obligation *on that charge*. (*Id.* at Ex. 7.)

Plaintiff asserts in his Complaint that he was advised by the court on July 31, 2014 that he was receiving "time served." (Compl. ¶ 5.) He bolsters this contention by stating that several of the officials at the Riverside Regional Jail concurred that he should have been released. (*Id.* ¶¶ 6–7.) The named Defendants, however, disagreed and the court's records support their position.[1] Plaintiff's claims are the product of uninformed confusion.

This Court's review of a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) is both informed and constrained by the well-pleaded facts contained in the complaint—and here, official public records integral to Plaintiff's claims. In considering a motion to dismiss, Plaintiff's well-pleaded allegations are taken as true, and

---

[1] Ordinarily, a court may not consider any documents that are outside the complaint in deciding a motion to dismiss, unless the motion is converted into one for summary judgment. *Witthohn v. Fed. Ins. Co.*, 164 Fed. App'x 395, 396–97 (4th Cir. 2006). Nevertheless, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint [without converting the motion to dismiss into one for summary judgment] so long as the authenticity of these documents is not disputed." *Id.* at 396. Some district courts in the Eastern District of Virginia have gone so far as to conclude that they may take judicial notice of public documents, such as court records, even when the documents are neither referenced by nor integral to the plaintiff's complaint. *See Am. Int'l Specialty Lines Ins. Co. v. A.T. Massey Coal Co.*, 628 F. Supp. 2d 674, 678–79 (E.D. Va. 2009); *Gasner v. Cty. of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995).

the complaint must be viewed in the light most favorable to the Plaintiff. *T.G. Slater & Son, Inc. v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004). Important to the task at hand, legal conclusions, however, enjoy no such deference by the reviewing court. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint for facial sufficiency, the court must parse out legal conclusions and enriching commentary. As the United States Court of Appeals for the Fourth Circuit pointed out in *Francis v. Giacomelli*, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." 588 F.3d 186, 193 (4th Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (internal quotation marks omitted). "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. To survive Rule 12(b)(6) scrutiny, a complaint must allege facts sufficient "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, stating a claim that is "plausible on its face." *Id.* at 570. A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Lastly, while the Court liberally construes *pro se* complaints, it will not act as the inmate's advocate. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). "Principles requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The authenticated records of the Chesterfield County General District Court—on which Plaintiff's claims turn—conclusively demonstrate the implausibility of his allegations. Plaintiff, in effect, received "time served" on the violation of the terms of his pretrial release, not his conviction for simple assault. The six months' sentence about which he now complains was imposed on that separate offense. (Defs.' Mem. Support Mot. Dismiss, Ex. 1.) No credit was given toward the satisfaction of that sentence for the time served for violating the terms of his pretrial release.

The Court therefore concludes that Plaintiff fails to plead a plausible claim that the Defendants are liable for the misconduct alleged. Because no legal or factual amendment can resuscitate his stillborn claims, the Complaint will be dismissed with prejudice.

An appropriate Order will accompany this Memorandum Opinion.

                                          /s/
                               Henry E. Hudson
                               United States District Judge

Date: Jan 12, 2017
Richmond, VA